Thomas J. TYLER, Plaintiff—
Appellant,

v.

DAYTON HUDSON CORPORATION,
Defendant—Appellee.

No. 01–15924.

D.C. No. CV–00–00756–DFL(GGH).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2002.

Decided Aug. 1, 2002.

Before HAWKINS and SILVERMAN,
Circuit Judges, and RESTANI,* Judge.

## MEMORANDUM **

After being bitten by an insect known as the Valley Black Gnat (a.k.a. "VBG"), which nested near a Target distribution center in Woodlands, California, Target employee Tyler suffered severe allergic reactions. As a result of these bites, Tyler could not work or care for himself, let alone sleep or eat properly. Because these problems did not occur outside the workplace, Tyler asked for an accommodation. After Target refused and placed him on unpaid medical leave, Tyler sued under the Americans with Disabilities Act ("ADA"). The district court granted summary judgment to Target, ruling that Tyler is not "disabled" under the ADA.

---

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Under the Supreme Court's interpretations of the ADA, Tyler cannot claim to be disabled as a result of his work limitations. *See Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); *Thornton,* 261 F.3d at 795. This is because the "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Thornton,* 261 F.3d at 794–95. As the Supreme Court said in *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), "[t]o be substantially limited in the major life activity of working, ... one must be precluded from more than one type of job, a specialized job, or a particular job of choice." Guided by this precedent, we cannot grant Tyler's claim any relief on the question of his limitation in working.

Tyler additionally contends that he is substantially limited in many other major life activities, that when afflicted with an allergic reaction, he is not only unable to work, but is also unable to care for himself, sleep or perform various essential manual tasks. Assuming, without deciding, that this is true, Tyler is still unable to press a viable claim under the ADA because the limitations on these other activities are products solely of his exposure to VBGs at the workplace. In this situation, "the proper inquiry should remain focused on the extent to which an ADA claimant is capable of successfully pursuing a given vocation with or without reasonable accommodation." *Rhoads v. FDIC,* 956 F.Supp. 1239, 1247 (D.Md.1997), *aff'd in part and reversed in part on other grounds,* 257 F.3d 373, 389 (4th Cir.2001). Because Tyler's "limitation was ... created or aggravated solely by [his] work environment," *Rhoads,* 257 F.3d at 390, we do not think his other limitations place him under the protection of the ADA.

The ADA protects people whose disability precludes them from working in a broad class of jobs. While the allergic reactions Tyler endured were serious, we cannot say he was disabled under the ADA where the impairment is the result of working at one place during one period of time. If this were the kind of disability that Congress really meant to redress, it could do so in future amendments to the statute. The precedents that constrain our consideration do not in the meantime permit an extension of the ADA's protections here. Until this legal landscape shifts, we must affirm the district court's ruling in favor of Target.

**AFFIRMED.**